Dear Mr. Delahaye:
You have requested an Attorney General Opinion on behalf of the Iberville Parish School Board ("School Board") concerning payment of mileage to the parents of Iberville Parish students for transporting their children to Lake Sherwood School in East Baton Rouge Parish. With your request, you included a letter from the Director of Special Education for the Iberville Parish School Board, which indicates that the students in question were evaluated by the Iberville Parish Pupil Appraisal Services and were offered an Individualized Education Plan. In addition, all services necessary to provide such students with a Free Appropriate Public Education in Iberville Parish are available to them.
On August 9, 2004, the School Board voted to pay mileage to the parents of Iberville Parish students for transporting their children to Lake Sherwood School in Baton Rouge. As its legal advisor, you have advised the School Board that the payment of such mileage would result in a violation of Article VII Section 14
of the Louisiana Constitution.
The transportation obligations of parish and city school boards are found in La.R.S. 17:158.[1] La.R.S. 17:158 provides in pertinent part:
 A.(1) Except as provided by Subsection H of this Section and in accordance with the requirements of Subsection F of this Section, each parish and city school board shall provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school.
* * *
 B. If a parish or city school board determines transportation by school bus is impractical or is not available or that other existing conditions warrant it, the board may make arrangements for the use of common carriers in accordance with uniform standards established by the state superintendent of education and at a cost based upon the actual costs of such transportation.
 C. If transportation is not provided by the parish or city school board by reason of economically justifiable reasons approved by the State Board of Elementary and Secondary Education in accordance with the provisions of Subsection H of this Section, the Department of Education, in accordance with the provisions of Subsection D hereof, shall reimburse the parent or tutor of any student who resides more than one mile from the school
 attended by the student to the extent and in the amounts that funds are so appropriated by the legislature, but in no event shall such reimbursement exceed one hundred twenty-five dollars per student or three hundred seventy-five dollars for any one family.
* * *
 F. The provisions of this Section shall apply to eligible public and nonpublic school students. However, these provisions shall not apply to any student or the parent or tutor of any student who attends a school which discriminates on the basis of race, creed, color, or national origin.
 G. Any person who knowingly and willfully violates the provisions of this Section by filing a false or fraudulent claim shall be guilty of a misdemeanor and shall be imprisoned for not more than six months or fined not more than five hundred dollars, or both.
 H.(1) No parish or city school board shall eliminate or reduce the level of transportation services provided to students as required by the provisions of this Section except for economically justifiable reasons approved in accordance with the provisions of this Subsection by the State Board of Elementary and Secondary Education.
* * *
Each parish and city school board is required, under La.R.S.17:158(A), to provide free transportation for any student attending an approved school within the jurisdictional boundaries of the parish or school board. Lake Sherwood School is not within the jurisdictional boundaries of Iberville Parish or the Iberville Parish School Board. Therefore, the School Board has no legal obligation to transport students outside of its jurisdictional boundaries. In addition, neither La.R.S. 17:158 nor La.R.S.17:81[2] grant a parish or city school board the authority to transport such students or pay mileage to their parents.[3]
It is therefore the opinion of this office that the School Board's payment of mileage to the parents of Iberville Parish students for transporting their children to Lake Sherwood School in East Baton Rouge Parish constitutes an ultra vires act and is unauthorized.
Article VII Section 14(A) of the Louisiana Constitution of 1974 states the following concerning the donation, loan or pledge of public credit:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
This constitutional provision was examined by the Louisiana Supreme Court in City of Port Allen v. Louisiana Municipal RiskAgency, Inc., 439 So.2d 399 (La. 1983). In City of Port Allen, the Court stated that Article VII Section 14(A) is violated when the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so.439 So.2d at 401.
As discussed above, the School Board has no legal obligation to transport students outside of its jurisdictional boundaries or to pay mileage to the parents of such students. It is the opinion of this office that, in the absence of a legal obligation, the payment of mileage to the parents of Iberville Parish students for transporting their children to Lake Sherwood School in East Baton Rouge Parish is a donation of public funds in violation ArticleVII Section 14 of the Louisiana Constitution.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________________
 Katherine M. Whitney Assistant Attorney General
CCF, Jr.:KMW:lrs
[1] Additional transportation mandates are applicable in the implementation of any individualized education program for a child with an exceptionality. La.R.S. 17:1947 states that "[l]ocal educational agencies shall provide whatever transportation is necessary to implement any individualized education program for a child with an exceptionality. Transportation shall be provided in cooperative programs according to the method established in the contract between the cooperating agencies or districts and shall also be in accordance with the child's individualized education program." You have indicated in your request that all services necessary to provide the students in question with a Free Appropriate Public Education, as required by La.R.S. 17:1947(A)(1), are available in Iberville Parish. You have not indicated that transportation to a school outside of Iberville Parish is required by Individualized Education Plans of any of the students. Therefore, the analysis in this opinion is only based on the School Board's transportation obligations set forth in La.R.S. 17:158.
[2] La.R.S. 17:81 sets for the general powers of city and parish school boards.
[3] La.R.S. 17:158(C) authorizes only the Department of Education to reimburse parents, to the extent that funds are so appropriated, if transportation is not provided by the parish or city school board by reason of economically justifiable reasons approved by the State Board of Elementary and Secondary Education. This provision only applies to those students that are eligible to be transported by the parish school board, i.e. those students residing within and attending a school within the jurisdictional boundaries of the parish or school board.